## CLARK BROS. v. WIMBERLY.

1. A motion to dismiss an appeal was granted, counsel for appellant appearing and resisting the motion. On motion by appellant to reinstate this appeal on the docket, *held*, that judgment having already been rendered dismissing the appeal, the matter is *res judicata*. *Hyrne* v. *Erwin*, 22 *S. C.*, 587.
2. Failure to file affidavit of inadvertence in resistance of the motion to dismiss cannot, after judgment rendered, be relieved against under section 349 of the Code of Procedure, as there is no appeal pending or to be perfected after judgment of dismissal.
3. Appellant having been represented by counsel when the appeal was dismissed, section 195 of the Code does not apply. *Quere:* Does this section apply to the Supreme Court in any case?
4. A court of justice must always bear in mind that both parties to a cause have rights, and that unlimited indulgence to one will operate injustice to the other.

This was an original motion before this court, and the facts connected therewith are fully stated in the opinion.

*Messrs. J. C. Davant* and *F. W. Fickling*, for the motion.

*Mr. J. J. Brown*, contra.

January 25, 1886. The opinion of the court was delivered

PER CURIAM. In this case a motion to dismiss the appeal on the ground that appellants had failed to serve their exceptions within the time required by law was heard by this court on November 24, 1885. At that hearing, the motion to dismiss was resisted by counsel representing the appellants upon the ground that the omission to serve the exceptions within the prescribed time was owing to the inadvertence of the counsel of record for appellants, but no motion to amend and no evidence that the omission occurred through inadvertence was presented to the court. It is true that counsel then representing appellants did ask, verbally, that the court would allow an amendment, but it did not then appear that any notice of a motion to amend had been served upon the attorney for appellants, and no affidavit of inadvertence was either served or presented. Under these cir-

cumstances, this court had no other alternative but to dismiss the appeal, and an order to that effect was accordingly entered.

On January 2, 1886, counsel for appellants duly served respondents' counsel with a notice of motion to rescind the former order dismissing the appeal and to restore the case to the docket for hearing, accompanied by affidavits setting forth fully and clearly the circumstances under which the omission to serve the exceptions occurred, and showing that it was through inadvertence. In the affidavit of the counsel of record for appellants, it is not only stated that the omission to serve the exceptions occurred through his inadvertence, but also that he "misapprehended the necessity for and requirement of an affidavit of inadvertence upon the motion of respondents' attorney to dismiss the appeal, and by inadvertence omitted to file the motion to amend and the affidavit of inadvertence," and also states that he was unavoidably absent when the motion to dismiss the appeal was heard, and hence, as it appears from the other affidavit submitted, the case was turned over to another member of the bar, who did represent the appellants at the hearing of the motion to dismiss the appeal.

The motion to restore the case was resisted by counsel for respondents, upon the ground that this court having already rendered judgment dismissing the appeal, the matter is *res adjudicata ;* and in support of this motion cited the case of *Hyrne* v. *Erwin* (22 *S. C.*, 587), which seems to us conclusive of the question. In that case the appeal was dismissed by the clerk for failure to file the return; and afterwards, after regular notice, the case was, on motion of the appellant, restored to the docket, respondent having failed to appear and resist said motion. The respondent afterwards moved to dismiss the appeal so restored, which motion was dismissed, the court holding that, if the default of appellant occurred since the appeal was restored, it might be considered, but it is based entirely on alleged omissions which occurred before the restoration, and which could and should have been interposed when the motion to restore was heard. The respondent, however, failed to appear when the motion to restore was heard, and the judgment of the court restoring the appeal to the docket must be regarded as *res adjudicata,* and not subject

to review on a motion of this kind. It was further said that even if the motion could be considered as a petition for a rehearing, there was nothing in the facts presented to authorize the court to grant a rehearing, there being no allegation that any matter of law or fact appearing in the case when the motion to restore was made had been overlooked by the court.

The case now under consideration seems to us stronger than that of *Hyrne* v. *Erwin.* There the order to restore was granted by default, as it were, the respondent not appearing when the motion was made. Here, however, both parties were represented by counsel when the motion to dismiss the appeal was made, and the motion was stoutly resisted by counsel for appellants. This court, upon a full hearing, having rendered its judgment dismissing the appeal, it seems to us conclusive of all matters which could and should have been presented at such hearing.

There is no doubt that appellants were originally in default, and we suppose there is as little doubt that if they had, before the judgment dismissing the appeal was rendered, availed themselves of the privileges conferred by the act of 1880, now incorporated in the code, and presented the showing which they now submit, they could have obtained the relief which that act was designed to confer. But this they neglected to do in the manner prescribed by that act and the rules of this court. It is true that it appears from the affidavits submitted in support of this motion that this omission also occurred through the inadvertence of counsel for appellants, inasmuch as he states that he "by inadvertence omitted to file the motion to amend and the affidavit of inadvertence." But the act of 1880 was only designed to relieve a party from the effects of an omission, mistake, or inadvertence in doing any act or acts necessary to perfect an appeal by conferring upon this court authority to permit such acts as may be necessary "to perfect the appeal" to be done even after the time prescribed for doing such acts. So that the act can only apply to a pending appeal in which such defects have been discovered as would render it necessary to have supplied in order to perfect the appeal. But after an appeal has been dismissed by the judgment of the court, there is no appeal to be perfected.

Finally, it is urged that appellants are entitled to relief under

the provisions of section 195 of the Code of Procedure, which provides that "the court may likewise in its discretion, * * * and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." It may be questioned whether this section applies to the Supreme Court, even in the exercise of its original jurisdiction; but as that question has not been argued, we do not deem it necessary to express any opinion upon it now. For even if it does apply, it cannot avail the appellants in this case, for, as was held in *Steele* v. *Railroad Company* (14 *S. C.*, 331–2), that section was designed only "for the relief of parties who, by reason of some mistake, inadvertence, &c., may have lost the opportunity to be present at the trial, or to be represented there, as is suggested by the words, 'taken against him.' * * * If the parties are represented at the trial, they can obtain relief by an application made in conformity to the rules of procedure provided by law in reference to new trials." In this case, however, the judgment which it is sought to set aside was rendered after full hearing, the appellants being represented by able and experienced counsel, and not being a judgment by default, or rendered in the absence of appellants, section 195 of the Code does not apply.

It is always a matter of regret when parties lose their right to have their appeals heard by reason of a failure to comply with some technical rule, but it seems to us that the act of 1880, having afforded ample means of obtaining relief from the consequences of any inadvertent omission or mistake, which every one is liable to, there is no real hardship in requiring parties to use the means which the law has provided for obtaining relief from the consequences of their own omissions. A court of justice must always bear in mind that both parties to a cause have rights, and that unlimited indulgence to one will operate injustice to the other.

The judgment of this court is that the motion to rescind the order dismissing the appeal in this case be refused.